IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:21CR72-1 |
| TOCEE MARTINZE MITCHELL, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release, (ECF No. 54), filed March 16, 2023. The government responded in opposition on March 24, 2023. (ECF No. 56.) The Court, having considered the arguments of the parties set forth below, finds that Defendant has failed to show extraordinary and compelling reasons for sentence reduction. Further, the factors under 18 U.S.C. § 3553(a) counsel against sentence reduction. Accordingly, Defendant's motion will be denied.

**I.     BACKGROUND**

Defendant is currently 38 years old. (ECF No. 36 ¶ 2.)[1] On October 6, 2021, he pled guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 36 ¶ 1–2.) This offense was subject to a Guidelines range of 110 to 120 months. (*Id.* ¶ 92.) The Court varied downward from the Guidelines and imposed a sentence of 94 months, followed by three years of supervised release. (ECF No. 39 at 2–3.) Defendant has

---

[1] The Pre-Sentence Report, (ECF No. 36), is filed with the Court under seal.

served approximately 36% of this sentence, and (pending credit for good conduct) he is scheduled for release on October 12, 2027. (ECF No. 60-2 at 3.)

Defendant contends that compassionate release is appropriate for several reasons. First, he points to health issues he has dealt with for much of his life, including diagnoses of an unspecified "disruptive disorder," a "severe receptive and expressive language disorder," and a "psychotic disorder." (ECF No. 54 at 1.) While in grade school, he was determined to be "mentally handicapped." (ECF Nos. 54 at 1; 36 ¶ 81.) According to Defendant, these issues persist. (*See* ECF No. 54 at 1.) Defendant also acknowledges that he has a "history of alcohol abuse." (*Id.*) Alternatively, Defendant argues that he should be released to help his mother care for his ailing grandmother. (*Id.*) His grandmother suffered a stroke, and his mother is taking care of both his grandmother and his eldest child. (*Id.*) Finally, Defendant points to his rehabilitation efforts as a reason for release. (ECF Nos. 54 at 1; 64 at 1–2.) Defendant also argues that the § 3553(a) factors weigh in favor of his release because of his personal characteristics, including a lack of criminal history,[2] his dedication to rehabilitation, his family support, and his plan for reentry into society.

The government argues that Defendant's medical conditions do not rise to the level of "extraordinary and compelling," as they do not "substantially diminish his ability to provide self-care" in the prison environment. (ECF No. 60 at 8.) In particular, the government points to the fact that Defendant "has not sought any medical attention for his conditions in nearly a year." (*Id.* at 9.) Additionally, the government argues that Defendant's need to provide care to his grandmother is not extraordinary and compelling, since he is not the only person

---

[2] When sentenced, Defendant had a criminal history category of V. (ECF No. 46 at 3:6.) The sentencing court considered that this classification might have "somewhat overrepresent[ed]" the need for punishment in Defendant's case, in light of a lack of serious violent or drug-related offenses. (*Id.* at 17:19-24.)

available to care for her.  (*Id.* at 9–13.)  The government contends that Defendant's rehabilitation is not so extraordinary that it, along with the other factors presented, would counsel towards release.  (*Id.* at 13–14.)  Finally, the government argues that the § 3553(a) factors do not weigh in favor of release, as allowing Defendant to serve about a third of an already-reduced sentence would not promote just punishment, adequate deterrence, or protection of the public.  (*Id.* at 14.)

## II. DISCUSSION

Defendant must show the following to receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A): (1) that he has exhausted all applicable administrative remedies; (2) that extraordinary and compelling reasons warranting sentence reduction exist; and (3) that the 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction.  *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).  The Court must also find that Defendant does not pose a danger to any other person or to the community.  U.S.S.G. § 1B1.13(a)(2); 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The government does not contest exhaustion.  (ECF No. 60 at 5 n.2.)  The record reflects that Defendant made a request in writing for a sentence reduction to his warden on May 30, 2022, which was denied on July 8, 2022.  (ECF No. 60-1 at 1–3.)  Over thirty days have passed since the request was made.  The Court finds that Defendant has satisfied the exhaustion requirement.  *See* § 3582(c)(1)(A); *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (holding that the exhaustion requirement is satisfied when a defendant "waits 30 days from the date of [his] initial request" (quoting *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021))).

B.  **Extraordinary and Compelling Reasons**

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Previously, the compassionate release policy statement, U.S.S.G. § 1B1.13, was only applicable to motions filed by the BOP, not defendants, *United States v. McCoy*, 981 F.3d 271, 283–84 (4th Cir. 2020). District courts were thus unconstrained by § 1B1.13 and were "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (cleaned up). However, the amendments to the Guidelines that took effect on November 1, 2023, clarify that § 1B1.13 now applies to all compassionate release motions, whether filed by defendants or the BOP. U.S.S.G.§ 1B1.13(a). The Court will apply the amended version of § 1B1.13. *See United States v. Davis*, __ F.4th __, 2024 WL 1662931, at *6 (4th Cir. 2024) (remanding case with instructions to apply the new amended policy statement).

1.  <u>Medical Conditions</u>

A defendant's medical conditions may constitute extraordinary and compelling reasons for release if he is "suffering from a serious functional or cognitive impairment . . . that substantially diminishes" his ability to care for himself in the prison environment. U.S.S.G. § 1B1.13(b)(1)(B)(ii). Though Defendant has described several conditions that under some circumstances might be considered "serious functional or cognitive impairment," he has not in any way alleged that they diminish his ability to care for himself. (*See* ECF No. 54 at 1.) Nor do Defendant's health records suggest that his mental conditions or alcohol abuse disorder are seriously affecting his ability to care for himself. (*See* ECF No. 61 at 2–3, 7, 24,

4

27, 43, 49 (describing Defendant's psychiatric condition as normal and noting a lack of mental health diagnosis).)[3] Defendant has not sought medical treatment for any of the conditions that he complains of in his Motion. (*See generally* ECF No. 61.) Defendant has failed to present sufficient evidence from which the Court can find that his mental conditions warrant his release. *See, e.g.*, *United States v. Johnson*, Crim. No. ELH-14-0429, 2023 WL 8090628, at *14 (D. Md. Nov. 21, 2023) (rejecting a defendant's assertion that he had "high anxiety and PTSD" because BOP reports stated that he "voiced no current problems or complaints of a psychological nature" and "[s]howed no signs of psychological distress or impairment suggestive of active mental illness").

Moreover, the Court at sentencing took Defendant's mental conditions and alcohol abuse issues into account when determining his sentence. (*See* ECF No. 46 at 4:13-21, 16:1-16.) Defendant has presented no evidence to suggest that his conditions have gotten worse since sentencing. His motion refers to a mental evaluation he received in 2021 while in BOP custody prior to his sentencing. (ECF Nos. 54 at 1; 36 ¶ 72.) No more recent events or symptoms have been identified. Nor does Defendant describe how these conditions have changed such that they impair his ability to care for himself in the prison setting. *Cf. United States v. Gray*, No. 4:09CR00029-003, 2021 WL 4812977, at *1 & n.1 (W.D. Va. Oct. 15, 2021) (finding no extraordinary and compelling reasons by way of health conditions when those conditions were "well-managed" and had existed well before the defendant entered custody).

The Court finds that under these circumstances, Defendant's medical conditions do not rise to the level of "extraordinary and compelling reasons" to support his request for a sentence reduction.

---

[3] Defendant's medical records, (ECF No. 61), are filed with the Court under seal.

2. <u>Family Circumstances</u>

Extraordinary and compelling reasons for sentence reduction may exist when a defendant establishes that an "immediate family member," such as a grandparent, is incapacitated and "the defendant would be the only available caregiver for such family member." U.S.S.G. § 1B1.13(b)(3)(D); *see also United States v. Barton*, No. 1:11CR349-1, 1:12CR255-1, 2022 WL 1157978, at *5 (M.D.N.C. Jan. 18, 2022) (denying motion where sisters were caring for defendant's aging father). That is not the case here. Though it appears from the record that Defendant's grandmother is indeed incapacitated, Defendant's own account suggests that his mother "is now taking care of her." (ECF No. 54 at 1.) In addition, the Pre-Sentence Report states that his grandmother spends most of her time in an assisted living facility. (ECF No. 36 ¶ 59).

Defendant's desire to care for his grandmother and ease the financial burden his imprisonment has placed on his family is admirable; however, it does not present extraordinary and compelling reasons in favor of sentence reduction. *See, e.g.*, *United States v. Hooks*, 3:18-cr-59-MOC-DCK-1, 2021 WL 796156, at *3 (W.D.N.C. Mar. 2, 2021) (defendant was not the only available caregiver for terminally-ill mother; other family members lived nearby, and mother was also under hospice care); *United States v. Holt*, No. 1:20-cr-0055-2 (RDA), 2021 WL 2457064, at *6 (E.D. Va. June 16, 2021) (noting that even if it would be "cumbersome" for others to provide care, that does not mean a defendant is the "only" available caregiver).

3. <u>Rehabilitation</u>

A defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t). However, the court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t).

6

While Defendant's efforts toward rehabilitation are to be commended, they do not rise to the level of extraordinary and compelling reasons to support his request for a sentence reduction. He reports enrollment in the "Challenge Program," (ECF No. 64 at 1–2), a residential program meant to provide treatment for substance abuse problems and serious mental illnesses, *FIRST STEP ACT Approved Programs Guide* 9, Fed. Bureau of Prisons (Feb. 2021), https://www.bop.gov/inmates/fsa/docs/2021_fsa_program_guide.pdf, as well as other classes encouraging pro-social behavior, (ECF No. 64 at 1–2). Defendant has also maintained a spotless disciplinary record during his time in custody. (ECF No. 60-3.) However, this conduct is what is expected of any inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.") These efforts do not rise to the level of extraordinary and compelling reasons for release, whether on their own or when considered alongside the above-discussed factors. U.S.S.G. § 1B1.13(d); *see, e.g.*, *United States v. McCain*, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release); *see also* 28 U.S.C. § 994(t).

For the foregoing reasons, the Court finds that Defendant has not presented extraordinary and compelling reasons in support of a sentence reduction.

### C. 18 U.S.C. § 3553(a) Factors

While the Court is not required to consider the factors set forth in 18 U.S.C. § 3553(a) in light of its finding that Defendant has not presented extraordinary and compelling reasons

7

that support his request for a sentence reduction, it will address the arguments Defendant has raised that relate to those factors. Courts must impose a sentence or sentence reduction that is "'sufficient, but not greater than necessary' to comply with the statutory purpose of sentencing." *United States v. Banks*, No. 1:12CR193-1, 2020 WL 6568607, at *3 (M.D.N.C. Oct. 7, 2020) (citing 18 U.S.C. § 3553(a)). Among the various § 3553(a) factors, this Court finds that the sentencing factors most applicable here are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant" and (2) "the need for the sentence imposed" to reflect the seriousness of the crime, deter criminal conduct, and protect the public. *See* § 3553(a)(1)–(2); *see United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (obliging district courts to consider the § 3553(a) sentencing factors "to the extent those factors are applicable").

1. <u>Seriousness of the Offense</u>

The conduct underlying Defendant's conviction is serious. As a felon, Defendant knew he was prohibited from possessing a firearm. *See* 18 U.S.C. § 922(g)(1). In the instant offense, he did more than just possess a firearm. The record evidence discloses that Defendant was in a fist fight with one of his neighbors. (ECF No. 36 ¶ 7.) During that fight, Defendant retrieved a firearm and shot the neighbor in the stomach. (*Id.* ¶¶ 7–9.) Defendant then fled the scene, leaving the firearm in his house and his neighbor on the ground. (*Id.* ¶¶ 7, 9–10.)

Defendant's willingness to not only illegally possess a firearm but use it on another person to resolve an altercation makes the need for his sentence to protect the community a priority. It suggests that his sentence must be designed to deter him from future unlawful conduct, since his previous state court punishments did not do so. Moreover, his absconding

from the scene of the crime, along with his criminal history, demonstrate a lack of respect for the law that his sentence must address.

        2.      <u>Defendant's History and Characteristics</u>

Defendant has struggled with alcohol abuse and other serious mental health challenges for much of his life. (*See generally* ECF No. 54.) He had a difficult childhood in which he witnessed violence regularly. (ECF Nos. 46 at 4:7-12; 36 ¶¶ 55–58.) Defendant nevertheless maintains a close relationship with his family, particularly his grandmother, and he has consistently expressed a desire to provide care for her. (ECF Nos. 46 at 14:24–15:9; 54 at 1.)

Though Defendant has a somewhat lengthy criminal history, (*see* ECF No. 36 ¶¶ 30–41), the Court at sentencing noted that most of his charges were "for driving offenses for alcohol and use of substances," not "violent acts or sales of drugs on a large basis," (ECF No. 46 at 17:4–11). When he was sentenced, he had one previous felony conviction for fleeing arrest in a motor vehicle, which he did while intoxicated. (ECF No. 36 ¶ 33.) Defendant's conduct in the instant case demonstrates an escalation in his criminal behavior. His sentence here thus reflects an increased need for specific deterrence and protection of the public.

        3.      <u>Need for the Sentence Imposed</u>

Defendant's sentence was a downward variance from the Guidelines range. (ECF No. 46 at 18:5–8.) In reaching this sentence, the Court at sentencing considered Defendant's personal and family history, his upbringing, his struggles with mental health and drug addiction, the offense conduct, and the seriousness of his past offenses relative to his criminal history category. (*Id.* at 15:25–18:4.) Defendant has now served just over a third of that already reduced sentence. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (holding that courts may consider the amount of time defendants have served for § 3553(a) purposes). A reduction or release at this time, in the context of Defendant's offense conduct and criminal

9

history, would not adequately "reflect the seriousness of the offense" or "promote respect for the law." § 3553(a)(2)(A).

Defendant has introduced evidence of his rehabilitation efforts and his clean disciplinary record, which the Court has taken into consideration and discussed in more detail above. While commendable, these efforts do not outweigh the considerations that led the Court to Defendant's initial sentence. *See United States v. Hargrove*, 30 F.4th 189, 200 (4th Cir. 2022); *see also United States v. Bryant*, No. 2:17-cr-432-DCN, 2023 WL 5431581, at *4 (D.S.C. Aug. 23, 2023).

The seriousness of Defendant's current offense and the length of his sentence served disfavor release under the § 3553(a) factors. However, these factors have no effect on the Court's ruling here, since Defendant failed to show extraordinary and compelling reasons for a sentence reduction.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 54), is **DENIED**.

This, the 3rd day of March 2025.

/s/ Loretta C. Biggs
United States District Judge