IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TOCEE MARTINZE MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:23-CV-61-DAB-LPA<br>1:21-CR-72-DAB-1 |

## **ORDER**

On May 28, 2026, the Court conducted an evidentiary hearing on whether Petitioner Tocee Mitchell instructed counsel, Ralph Frasier, to file an appeal and whether counsel failed to do so.

The Sixth Amendment guarantees criminal defendants reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, a petitioner must show both deficient performance and resulting prejudice. *Id*.

Counsel must file a notice of appeal when instructed to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Even absent an express instruction, counsel has a duty to consult with the defendant regarding an appeal when "there is reason to think either (1) that a rational defendant would want to appeal…; or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. Prejudice is established by showing a reasonable probability that, but for counsel's failure to file or consult, the defendant would have timely appealed. *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015). A petitioner need not show that the appeal would have succeeded. *Flores-Ortega*, 528 U.S. at 485–86. However, "a defendant who explicitly tells his attorney not to file an appeal plainly

cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. at 470.

After hearing testimony from Petitioner and Attorney Frasier, and considering the arguments of counsel, the Court finds that Petitioner and Attorney Frasier discussed Petitioner's appellate rights following sentencing. Petitioner decided not to pursue an appeal because Petitioner received a sentence sixteen months below the guidelines range, and Petitioner understood that a successful appeal could expose him to a higher sentence. Consistent with that understanding, and in the absence of any timely instruction from Petitioner or his family to do otherwise, Attorney Frasier did not file a notice of appeal.

The Court further finds that, although members of Petitioner's family later discussed the possibility of an appeal with Attorney Frasier, those discussions occurred outside both the 14-day deadline for filing a notice of appeal and the additional 30-day excusable-neglect period. Approximately two months after judgment was entered, Petitioner filed an untimely *pro se* notice of appeal, which the Fourth Circuit rejected. Petitioner then filed the present motion under 28 U.S.C. § 2255, supported by a declaration containing multiple statements shown at the evidentiary hearing to be factually false.

The Court finds Attorney Frasier's testimony entirely credible. Frasier, an experienced criminal defense attorney, credibly testified that he discussed appellate rights with Petitioner and that Petitioner chose not to appeal. The Court further finds that Frasier would have filed a notice of appeal had Petitioner requested one.

For these reasons, and the reasons the Court gave at the hearing, the Court finds that Petitioner did not instruct counsel to file a notice of appeal and has failed to establish ineffective assistance of counsel by a preponderance of the evidence.

Accordingly, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (D.E. 50) is DENIED and the Case 23-CV-61 is DISMISSED WITH PREJUDICE.

This the 29th day of May, 2026.

 */s/ David A. Bragdon*
United States District Judge